**CASE NO. 23-2150**

IN THE UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

| | |
|---|---|
| WILLIAM GARDNER, | ) |
|     Plaintiff-Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| CHARLES SCHUMACHER, DDS, | ) |
| DAVIS WARREN, III, DDS, | ) |
| BURRELL TUCKER, DDS, LEO | ) |
| PAUL BALDERAMOS, DDS, JOLYNN | ) |
| GALVIN, DDS, ERMELINDA BACA, | ) |
| RDH, MELISSA BARBARA, RDH, | ) |
|     Defendants-Appellees. | ) |

---

On Appeal from the United States District Court

For the District of New Mexico

The Honorable Margaret Strickland

D.C. No. 1:23-CV-00189

---

**DEFENDANTS-APPELLEES RESPONSE TO APPELLANT'S OPENING BRIEF**

---

Respectfully Submitted,

PARK & ASSOCIATES, LLC
Taylor M. Lueras
Alfred A. Park
3840 Masthead NE
Albuquerque, NM 87109
(505) 246-2805
tlueras@parklawnm.com
apark@parklawnm.com

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES……………………………………………....iv

PRIOR OR RELATED APPEALS…………………………………………...1

STATEMENT OF JURISDICTION…………………………………………1

STATEMENT OF THE ISSUES………………………………….........1

STATEMENT OF THE CASE………………………………………………1

SUMMARY OF ARGUMENT………………………………………………4

ARGUMENT…………………………………………………………………7

I.     THE DISTRICT COURT DID NOT ERR IN DISMISSING
GARDNER'S COMPLAINT ON THE BOARD'S MOTION
FOR JUDGMENT ON THE PLEADINGS WHEN THE
UNCONTESTED THREE-YEAR STATUTE OF LIMITATIONS
BARRED GARDNER'S SECTION 1983 CLAIMS………………......7

    A.     Standard of Review is De Novo for Motions for
Judgment on the Pleadings under Federal Rule
of Civil Procedure Rule 12(c)…………………………………..7

    B.     The District Court did not err when it resolved the
Statute of Limitations Defense on the Board's
Motion for Judgment on the Pleadings as the accrual
date was clearly pleaded in the Complaint………………………..7

    C.     The District Court did not err when it found that the Section
1983 claim accrued no later than January 1, 2020……………..12

    D.     The District Court did not err by rejecting Gardner's
claim that the statute of limitations was tolled
during the administrative appeal/stay of the revocation……….18

     E.     Gardner's arguments related to <u>Younger</u> abstention
and the <u>Rooker-Feldman</u> Doctrine should be
disregarded as they were not raised with the District
Court, and do not change the analysis herein…………………22

CONCLUSION…………………………………………………………...25

STATEMENT OF WHY ORAL ARGUMENT IS NECESSARY……………..26

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT……...……27

CERTIFICATE OF REDACTION…………………………………………..28

CERTIFICATE OF IDENTITY……………………………………………..28

CERTIFICATE OF VIRUS SCAN…………………………………………..29

CERTIFICATE OF SERVICE………………………………...…………..29

# TABLE OF AUTHORITIES

## CASES

*Adams v. Para-Chem Southern, Inc.*, 1009-NMCA-161……….…………..…20-21

*Amantullah v. Colorado Bd. Of Medical Examiners,* 187 F.3d 1160
(10th Cir. 1999)……………………………………………………………….23

*American Mechanical Solutions, LLC v. Northland Process Piping, Inc.*, 184
F.Supp.3d 1030 (D.N.M. 2016) (Browning, J.)…………………..……………..9

*Aspenwood Inv. Co. v. Martinez*, 355 F.3d 1256 (10th Cir. 2004)…………..……..7

*Chardon v. Fernandez*, 454 U.S. 6, 102 S.Ct. 28 (1981)……………..………15, 16

*Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 498 (1980)…...…...15, 16

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280,
125 S.Ct. 1517 (2005)………………………………………………………24-25

*Fernandez v. Clean House, LLC*, 883 F.3d 1296 (10th Cir. 2018)………..………11

*Gardner v. Schumacher*, 547 F.Supp.3d 995 (D.N.M. 2021) (Browning, J.)……..22

*Gomez v. Toledo*, 446 U.S. 635 (1980)………………………………………...10

*Gonzalez-Alvarez v. Rivero-Cubano*, 426 F.3d 422 (1st Cir. 2005)………………14

*Gossard v. Gossard*, 149 F.2d 111 (10th Cir. 1945)………………………………..8

*Herrera v. City of Espanola*, 32 F.4th 980 (10th Cir. 2022)…………………...11, 12

*In re Walker*, 959 F.2d 984 (10th Cir. 1992)………………………………………23

*Jones v. Bock*, 549 U.S. 199 (2007)………………………………………………...8

*Kelly v. City of Chicago*, F.3d 509 (7th Cir. 1993)……………………...13, 14, 15,16

*Little v. Baigas*, 2017-NMCA-027, ¶ 12, 390 P.3d 201……………………….....18

*Miller v. Shell Oil Co.*, 345 F.2d 891(10th Cir. 1965)………………………...8

*Ocana v. Am. Furniture Co.*, 2004-NMSC-018, 135 N.M. 239…………………...18

*PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182 (10th Cir. 2010)………………………24

*Rapid Transit Lines, Inc. v. Wichita Developers, Inc.*, 435 F.2d 850
(10th Cir. 1970)………………………………………………………………………….20

*Rascoe v. Cody*, 763 Fed.Appx.228, 232 (3d Cir. 2019)…………………...13, 14

*Rivero v. Bd. Of Regents of Univ. of N.M.*, 950 F.3d 754
(10th Cir. 2020)……………………………………………………………........10

*Roberts v. Barreras*, 484 F.3d 1236 (10th Cir. 2007)………………………..…….18

*Rohner v. Union Pac. R.R. Co.*, 225 F.3d 272 (10th Cir. 1955)……….…………8

*Slusser v. Vantage Builders, Inc.*, 2013-NMCA-073, 306 P.3d 524……………...18

*Smith v. City of Enid By and Through Enid City Comm's*, 149 F.3d 1151
(10th Cir.1998)……………………………………………………..….…..12

*Society of Separationists v. Pleasant Grove City*, 416 F.3d 1239
(10th Cir. 2005)........................................................................................7

*Varnall v. Dora Consol. School District*, 756 F.3d 1208
(10th Cir. 2014)……………………………………………..……13, 17

*Wallace v. Kato*, 549 U.S. 384, 388, 127 S.Ct. 1091 (2007)……….……..…12, 13, 17

*Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746 (1971)………………………..23-24

## STATUTES

11 U.S.C.A. § 362……………………………………………………………….21

42 U.S.C. § 1983…………………………………………………………………..2

## OTHER

Federal Rule of Civil Procedure 12(b)(6)………………………...……………...7

Federal Rule of Civil Procedure 12(c)……………...….…………………………7

## PRIOR OR RELATED APPEAL

There are no prior or related appeals involving the parties to this action.

Park & Associates, LLC, by undersigned counsel, on behalf of Defendant-Appellees Charles Schumacher, et al. (collectively, "the Board"), for their appellees' brief states:

## STATEMENT OF JURISDICTION

The Board does not contest that the Appellate Court has jurisdiction over the issues in this appeal.

## STATEMENT OF THE ISSUES

The Board asserts that while Appellant William Gardner (hereinafter "Gardner") contends that there are three (3) issues in his Statement of the Issues, there is only one (1) pertinent issue here: whether the uncontested three-year statute of limitations bars Gardner's Section 1983 claims that arose at the time the Board revoked Gardner's dental license on January 1, 2020 as pleaded in Gardner's Complaint.

## STATEMENT OF THE CASE

Gardner filed his lawsuit on January 23, 2023 in New Mexico State Court, which was timely removed by Defendants pursuant to 42 U.S.C.A. § 1332, given the inclusion of a 42 U.S.C.A. § 1983 claim against all Board Members. Appendix

("App.") at 12-23 (Notice of Removal, including Complaint).[1] Gardner's Complaint claims that the revocation of his dental license, effective on January 1, 2020, violated his due process rights under 42 U.S.C.A. § 1983. App. at 17-18. He also included state law claims of negligence per se, civil conspiracy, and prima facie tort. App. at 20-22.[2] Each of the Defendants were members of the New Mexico Dental Board of Health when Gardner's dental license was revoked and were alleged to have acted under color of state law. App. at 15.

Gardner's Complaint centers on the process leading to the decision of the Board to revoke his dental license. App. at 15-22. His Complaint explicitly alleged that, "during November 2019, the Defendants acted to revoke Plaintiff's license to practice dentistry effective January 1, 2020." App. at 16, ¶ 9. Specifically, his allegations center on the complaint that initiated the revocation proceeding, which was a complaint submitted by Delta Dental asserting that Dr. Gardner had altered an x-ray in order to support a fraudulent claim of payment. App. at 16-19, ¶¶ 9-29. He alleges that the Board did not allow him a full and fair opportunity to confront and

---

[1] The Board will cite to the sole volume of the Appendix, filed by Gardner with his Brief, as "App. at p ____" throughout.

[2] While the Board moved to dismiss with prejudice the state law claims, and that was granted, this was not raised as an appellate issue and does not need to be considered by this Court. That issue likely was not raised because Gardner moved to dismiss the state law claims without prejudice after the Board moved to dismiss them with prejudice. The Court denied Gardner's motion to dismiss the state law claims without prejudice and dismissed them with prejudice. While the Board provides this for context, this Court need not consider any issues with the state law claims.

cross examine his accuser by not requiring the original x-ray to be presented at the revocation hearing. App. at 18, ¶ 19. He also alleges that the Board was not impartial because the individual Board members had contracts with Delta Dental. App. at 18, ¶ 20.

The Board filed an Answer to the Complaint and then subsequently moved for a judgment on the pleadings to dismiss all claims against it. App. at 74-86. Gardner filed a Response to the Motion to Dismiss. While dismissal was sought on the pleadings, Gardner attached a number of documents to his Objections to the Motion to Dismiss. App. at 87-139. The documents attached to the Response were neither identified, cited, or attached to the Complaint. They consist of the Decision and Order of the Dental Board, and other documents related to the revocation of Gardner's dental license and his appeal to the state district court of that revocation. App. at 94-139. Those documents show that the Dental Board's Order revoking Gardner's dental license was issued on November 26, 2019 (App. at 99), that the revocation was stayed pending appeal on December 19, 2019 (App. at 102), which was lifted on July 17, 2020 after the appeal on the revocation was dismissed (App. at 104), and that the Board enforced the revocation pursuant to Order on December 12, 2020 (App. at 127).

After the Board filed a Reply, the District Court, without oral argument, granted the Board's Motion for Judgment on the pleadings, thereby dismissing the lawsuit against the Board. App. at 140-173.

## SUMMARY OF ARGUMENT

The sole argument at issue is the accrual date of the statute of limitations for the Section 1983 claims brought by Gardner in his Complaint. There is no dispute that the statute of limitations for the § 1983 claim is three (3) years in New Mexico. Appellant's Brief at 6, FN 2. There is also no dispute that Gardner filed the instant action on January 23, 2023, more than three (3) years after the revocation.

Gardner's Complaint is entirely centered on the process leading to his revocation, which occurred, according to the Complaint, in November of 2019, and was to be effective on January 1, 2020.[3] Because he knew of the purported constitutional violations as of that date, January 1, 2020 was the latest date the statute of limitations accrued. However, the Complaint was not filed until January 23, 2023, which was outside of the statute of limitations period, and thus, on the pleadings, dismissal was appropriate as a matter of law.

---

[3] The Board chose to argue that the statute of limitations accrued, at the latest, on January 1, 2020 rather than the November of 2019 date, because the Complaint was not specific as to the day in November upon which Gardner's license was revoked, so, for specificity's sake, the Board utilized the January 1, 2020 date; however, either way, the Complaint was filed outside of the applicable three (3) year statute of limitations.

First, while Gardner argues that the statute of limitations affirmative defense should not have been resolved on a motion to dismiss, he is mistaken. Under some circumstances, affirmative defenses, including the statute of limitations, may need additional factual development. That is not the case here, where the accrual date for the Section 1983 claim is contained within the Complaint, and it is clear from the allegations that it was the appropriate accrual date. As such, this Court can affirm the district court's decision to resolve the statute of limitations on the Board's Motion for Judgment on the Pleadings.

Second, while Gardner argues that the district court erred in finding that the statute of limitations accrued on January 1, 2020, at the latest, his arguments fail here as well. He argues that the district court should have considered that he did not have a complete and present cause of action until after the administrative appeal of the revocation was dismissed and the revocation could have been enforced. However, the accrual date is when the alleged harm occurred – when Gardner's license was revoked – and not when Gardner felt the consequences of that harm – when the revocation was enforced after the administrative appeal of the revocation was dismissed. As such, this Court can affirm the decision of the district court that the statute of limitation accrued, at the latest, on January 1, 2020, and that the filing of the Complaint on January 23, 2023 was untimely, necessitating dismissal of the lawsuit with prejudice.

Finally, while Gardner argues that he was entitled to tolling, he does not provide legal support for those arguments. He claims that the stay of the revocation pending the administrative appeal constituted an obstacle entitling him to estoppel, which is unsupported. Gardner was not diligent in pursuing his Fourteenth Amendment claims and did not pursue those in the state court administrative appeal of his revocation. Moreover, the stay of the revocation pending the administrative appeal did not constitute an obstacle to bringing his Fourteenth Amendment claims for tolling purposes, and the stay is irrelevant to the present action. Additionally, while Gardner argued that the actions of his former counsel constituted an obstacle to bringing the present action, he provides neither factual or legal support for those contentions, and they should be disregarded. As such, this Court should affirm the district court's decision that Gardner was not entitled to tolling of the statute of limitations, that the statute of limitations accrued on January 1, 2020 at the latest, and that the Complaint was untimely and should have been dismissed with prejudice.

Gardner also raises an issue regarding *Younger* abstention and the *Rooker-Feldman* doctrine. This was not an issue raised with the district court and should be disregarded as a new issue. Additionally, Gardner does not provide any legal support for how those doctrines could impact the accrual date for the statute of limitations. As such, those arguments also fail and the district court's dismissal should be upheld.

# **ARGUMENT**

I.  THE DISTRICT COURT DID NOT ERR IN DISMISSING GARDNER'S COMPLAINT ON THE BOARD'S MOTION FOR JUDGMENT ON THE PLEADINGS WHEN THE UNCONTESTED THREE-YEAR STATUTE OF LIMITATIONS BARRED GARDNER'S SECTION 1983 CLAIMS.

### *A. Standard of Review is De Novo for Motions for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c).*

Because a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is treated as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the applicable standard of review for the grant of a defense motion for judgment on the pleadings is the same as the standard of review for a Federal Rule of Civil Procedure 12(b)(6) motion, which is the de novo standard. *Society of Separationists v. Pleasant Grove City*, 416 F.3d 1239 (10th Cir. 2005) (citing *Aspenwood Inv. Co. v. Martinez*, 355 F.3d 1256, 1259 (10th Cir. 2004). This is the standard of review identified by Gardner in his Brief, and as such, the standard of review is not in dispute.

### *B. The District Court did not err when it resolved the Statute of Limitations Defense on the Board's Motion for Judgment on the Pleadings as the accrual date was clearly pleaded in the Complaint.*

Gardner argues that the district court erred when it granted Defendants' Motion, thereby dismissing the Complaint with prejudice, on a statute of limitations issue. Specifically, he contends that the statute of limitations is an affirmative defense that should not be resolved on the pleadings. Gardner is mistaken. The

district court did not err in granting the Motion for Judgment on the Pleadings because the Complaint contained specific allegations to discern when the statute of limitations accrued.

If a Complaint alleges sufficient facts to determine the applicable accrual date for the statute of limitations, then the district court may resolve the statute of limitations affirmative defense on a motion to dismiss. While a plaintiff is under no obligation to plead specific or identifiable dates at all, "[i]f the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim…." *Jones v. Bock*, 549 U.S. 199, 215 (2007). Affirmative defenses may be raised in a Rule 12(b)(6) motion "where the facts establishing the affirmative defense are apparent on the face of the complaint." *Miller v. Shell Oil Co.*, 345 F.2d 891, 893 (10th Cir. 1965). It is uncontroversial that if the Complaint sets forth dates that appear to fall outside of the statutory limitations period, the defendant may then move for dismissal under Rule 12(b)(6). *Rohner v. Union Pac. R.R. Co.*, 225 F.3d 272, 273-75 (10th Cir. 1955); *Gossard v. Gossard*, 149 F.2d 111, 113 (10th Cir. 1945). District Courts in this district have held that plaintiffs may counter these motions with an assertion that a different statute of limitations applies, or an equitable tolling doctrine applies bringing the case within the statute of limitations, although it appears as though this Court has not addressed whether those need to be pleaded in an amended complaint

or if they can be asserted in a responsive pleading. *American Mechanical Solutions, LLC v. Northland Process Piping, Inc.*, 184 F.Supp.3d 1030, 1049 (D.N.M. 2016) (Browning, J.) (internal citations omitted).

Gardner's arguments that the district court erred when it granted the Board's Motion for Judgment on the Pleadings based on the affirmative defense of the statute of limitations fails. Here, the Complaint was sufficiently specific to discern the accrual date. Dismissal was, therefore, appropriate. Of note, the statute of limitations for Gardner's Section 1983 claim is three (3) years under New Mexico law, and Gardner does not dispute that this is the appropriate limitations period. Appellant's Brief, p. 6, FN 2.[4]

Moreover, the specific facts pleaded in the Complaint in support of Gardner's Section 1983 clams for violations of his procedural and substantive due process rights all focus on the process employed in the revocation of Gardner's dental license in November of 2019 with an effective date of January 1, 2020. App. at 17-20. He asserted that his dental license was improperly revoked in November 2019, effective January 1, 2020. App. at 16, ¶ 9. Accordingly, his claims are limited to actions occurring prior to those dates, leading to the revocation.

---

[4] While Gardner's Complaint also contained state law negligence claims subject to the New Mexico Tort Claims Act, with a two (2) year limitations period, Gardner abandoned any remaining issues with the state law claims, and as such, the briefing is limited to the Section 1983 limitations issues.

Specifically, the initial allegation leading to the revocation was brought by someone from Delta Dental, asserting that Gardner forged an x-ray. App. at 16-17, ¶ 14. Gardner asserted that his constitutional rights were violated when the Board members did not recuse themselves and when the Board did not require the original x-rays to be presented at the revocation hearing. App. at 18-20. In other words, the entirety of his Complaint was predicated on pre-revocation proceedings. When his license was revoked, then, is when the asserted constitutional deprivation occurred, the loss of his dental license. The Complaint clearly identified that date, asserting that the revocation occurred in November of 2019, effective January 1, 2020. App. at 16, ¶ 9. Because it clearly identified the date of the asserted constitutional violation, the District Court did not err in ruling on the statute of limitations defense on the Board's motion to dismiss.

The cases cited by Gardner in his brief do not change the analysis herein. Two (2) of the cases cited in his Brief, for the proposition that he was not required to plead facts sufficient to address an affirmative defense like the statute of limitations in his Complaint, *Gomez v. Toledo*, 446 U.S. 635, 640 (1980), and *Rivero v. Bd. Of Regents of Univ. of N.M.,* 950 F.3d 754, 758-60 (10th Cir. 2020), do not address the statute of limitations, but other affirmative defenses – the affirmative defense of good faith, and the affirmative defense of business necessity, respectively. The additional two (2) cases cited by Gardner in his attempt to support arguments that

the statute of limitations should not have been resolved on the motion to dismiss support the Board's position, rather than Gardner's position. *Herrera v. City of Espanola*, 32 F.4th 980, 991 (10th Cir. 2022), for instance, specifically states that dismissal on a Rule 12 motion is appropriate when the dates are pleaded in the Complaint. Similarly, *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018) states the same. While *Fernandez* disagreed that, under the facts of that case, dismissal on statute of limitations was not appropriate, that was because the Complaint was not clear as to the date of the harm. *Id.* That is distinguishable from the instant case, where the date of the alleged constitutional deprivation was asserted clearly in the Complaint.

Moreover, while the Court appropriately considered the allegations contained in the four corners of the Complaint, the additional materials presented to the District Court for consideration in Gardner's Response to the Board's Motion for Judgment on the Pleadings demonstrate that amendment or additional factual development would not have changed the outcome for Gardner. These documents only demonstrate that he took action to appeal the revocation after the revocation – the claimed constitutional deprivation – occurred. App. at 94-139. His claimed constitutional violation was the revocation of his dental license. App. at 17-18, ¶¶17-18. He admits in the Complaint that the alleged constitutional violation occurred when the Board revoked his license in November 2019, effective January 1, 2020.

App. at 16, ¶ 9. As such, the resolution of the statute of limitations defense was appropriately resolved by the District Court through the motion to dismiss.

### C.   *The District Court did not err when it found that the Section 1983 claim accrued no later than January 1, 2020.*

Gardner also argued that the district court erred when it found that the Section 1983 claim accrued no later than January 1, 2020. He argued that he pursued his rights diligently and that he was prevented from filing the lawsuit because of the stay of the revocation pending his administrative appeal and the actions of his former counsel.

The date of accrual for statute of limitations purposes is a question of federal law. *Wallace v. Kato*, 549 U.S. 384, 388, 127 S.Ct. 1091, (2007); *Smith v. City of Enid By and Through Enid City Comm's*, 149 F.3d 1151, 1154 (10th Cir. 1998). For a Section 1983 claim, the injury is the violation of a constitutional right, and as such, the claim accrues when the plaintiff knows or should know that his constitutional rights have been violated. *Smith v. City of Enid*, 149 F.3d at 1154. As a result, to establish the date of accrual in a Section 1983 case, the court must "identify the constitutional violation and locate it in time." *Id.* The date of "accrual occurs when 'plaintiff has a complete and present cause of action,' that is, when 'the plaintiff can file suit and obtain relief.'" *Herrera v. City of Espanola*, 32 F.4th 980, 990 (10th Cir. 2022) (quoting *Wallace*, 549 U.S. at 388 (internal citations omitted)). While a plaintiff may not know how harmful the actions of defendants are, " 'the cause of

12

action accrues even if the full extent of the injury is not then known or predictable.'" *Varnall v. Dora Consol. School District*, 756 F.3d 1208, 1216 (10th Cir. 2014) (quoting *Wallace*, 549 U.S. at 391).

In the instance where a plaintiff claims that their Fourteenth Amendment rights were violated in the instance of a license revocation, this occurs on the date the license was revoked, regardless of subsequent pursuit of an administrative remedy by appealing the revocation. *Rascoe v. Cody*, 763 Fed.Appx. 228, 232 (3d Cir. 2019); *Kelly v. City of Chicago*, F.3d 509, 511-513 (7th Cir. 1993). While *Rascoe* and *Kelly* are not Tenth Circuit opinions, the reasoning regarding the date of accrual is sound and persuasive, particularly in light of the lack of directly analogous case authority from this Court.

In *Rascoe*, the plaintiffs alleged that defendants had violated their constitutional rights under Section 1983, claiming that the revocation of their license to operate an adult personal care facility violated their procedural and substantive due rights. *Rascoe v. Cody*, 763 Fed.Appx. 228 (3d Cir. 2019). The license was revoked via a letter received on April 22, 2013, indicating that the decision would be final eleven (11) days from the date of the letter, or, if they decided to appeal, upon issuance of a decision by the Bureau of Hearings and Appeals. *Id.* at 230. Plaintiffs there took the appeal and the license revocation was not finalized until May 29, 2014. *Id.* The applicable limitations period was two (2) years, and the

lawsuit was filed on May 21, 2015. *Id.* The district court there dismissed the case on statute of limitations grounds, basing the accrual date on the date of the revocation, not the date the revocation was finalized. *Id.* at 232. Plaintiff's complaint clearly demonstrated that their due process claims were limited to the events leading to the revocation, specifically pre-revocation inspections and alleged wrongful handling of the pre-revocation process. *Id.* The court found that "because plaintiffs complain of conduct leading up to the license revocation, they were objectively aware of the consequence and injury from such conduct when they received the April 2014 letter revoking their license to operate. *Id.* (citing *Gonzalez-Alvarez v. Rivero-Cubano*, 426 F.3d 422, 427 (1st Cir. 2005) (holding statute of limitations began to run on Section 1983 action on the date the initial administrative ruling was issued.)). The court also found that the accrual date was unaffected by the plaintiffs' administrative appeal, finding "[s]ince plaintiffs were not required to exhaust state remedies before filing this lawsuit, their pursuit of an administrative remedy by appealing the revocation has no effect on the statute of limitations." *Id.*, citing *Kelly v. City of Chicago*, 4 F.3d 509, 511-513 (7th Cir. 1993). As such, the date of accrual was the date of the actual revocation.

*Kelly v. City of Chicago* arose from the revocation of a liquor license. 4 F.3d 509 (7th Cir. 1993). The question presented there was whether the Section 1983 action based on the revocation of a liquor license accrued at the time of revocation

or the time the bar closed after the revocation of the liquor license. *Id.* at 511. The plaintiffs there claimed in the Complaint that they were injured when the license was revoked because the events leading to the revocation constituted constitutional violations. *Id.* The *Kelly* court found that the date of accrual was the date the revocation occurred, and not the later date the bar was closed because the revocation date was the date they knew or should have known of the claimed constitutional violations. *Id.*

The court in *Kelly* also addressed the issue of whether the state appeals process had any impact on the accrual date of the Section 1983 claim and found that the state appeals process had no impact on the accrual date. The *Kelly* court relied upon two (2) United State Supreme Court cases, *Chardon v. Fernandez*, 454 U.S. 6, 102 S.Ct. 28 (1981) and *Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 498 (1980) ("Ricks"), to reach that conclusion. Those were employment cases, which determined that the accrual date for an employment case was the date the employer made the decision – allegedly the adverse employment action – constituting the alleged constitutional violation (or Title VII violations, in the case of *Ricks*), rather than the last date of employment. *Kelly*, 4 F.3d at 511-513 (citing *Chardon*, 454 U.S. 6; and *Ricks*, 449 U.S. 250). In *Chardon* and *Ricks*, the Court held that for accrual date purposes, the "proper focus is on the time of the discriminatory act, not the point at which the consequences of the act became painful." *Kelly*, 4 F.3d at 512 (quoting

*Chardon*, 454 U.S. at 29 (analyzing the decision in *Ricks*)). The *Kelly* court utilized that holding for the revocation of the liquor license, finding that "the date of the alleged constitutional violation – the revocation of the license-was the date of accrual. The date the consequences of that violation became painful – when the bare was closed because it was operating without a liquor license-was not the date of accrual." *Kelly*, 4 F.3d at 512. Moreover, the "availability of a state appeals process had no different effect on the accrual date than the availability of the grievance procedures in [the employment context] in *Ricks*." *Id.* In so finding, the court held that the date of injury was not postponed until the exhaustion of the appeals process, but that the plaintiffs in *Kelly* took too long to avail themselves of the federal process, and their claim was therefore, time-barred. *Id.*

Gardner asserts that the District Court erred when it found that the accrual date was January 1, 2020, at the latest, when the November 2019 revocation was to become effective. He argues that the revocation date should be at least July 17, 2020 because he claims that his claim was not complete and he could not have resorted to federal court for relief until the date the revocation was able to become effective, i.e. after the administrative appeal was complete. His argument is contrary to law, as this is an argument that the date of accrual should be when he felt the harm, not when the harm occurred. The Complaint clearly asserts that the constitutional violation was the process leading to the revocation (App. at 16-20), which means that the

purported violation took place in November of 2019 with an effective date of January 1, 2020, not the later date after the administrative appeal and enforcement of the November 2019 order when the consequences of the revocation became painful. In other words, while he claimed that the constitutional violation, the harm, were the pre-revocation events leading to the revocation, which occurred in November 2019, effective January 1, 2020, he argues that the accrual date should be later, when the revocation became effective. The cause of action accrued even if the full extent of the injury was not yet known. *Varnall v. Dora Consol. School District*, 756 F.3d 1208, 1216 (10th Cir. 2014) (quoting *Wallace*, 549 U.S. at 391). Gardner's argument, that "until the Board sought to impact Gardner's ability to practice dentistry, there was no cause of action," (Appellant's Brief, p. 15) is contradicted by well-established law. The appropriate date of accrual was the date found by the District Court – January 1, 2020 – and that finding should be upheld.

Moreover, the administrative appeal and stay of the revocation related to the administrative appeal are irrelevant to the accrual date and do not change the date of accrual. Just as in the *Rascoe* and *Kelly* cases, there is nothing about the administrative appeal that would impact the ability of Gardner to bring his Section 1983 claims, and, as such, the accrual date was unaffected by the administrative appeal. As a result, the district court did not err when it found that the accrual date

for the Section 1983 claim, based on the well-pleaded facts in the Complaint, was January 1, 2020.

**D.** ***The District Court did not err by rejecting Gardner's claim that the statute of limitations was tolled during the administrative appeal/stay of the revocation.***

Gardner additionally argues that the district court erred by rejecting Gardner's argument that the statute of limitations was tolled during the administrative appeal/stay of the revocation pending the administrative appeal. However, he does not provide case authority to support his contentions that extraordinary circumstances blocked his ability to pursue his Section 1983 claim, and thus, he was not entitled to tolling of the statute of limitations.

New Mexico state law governs limitations and tolling issues in Section 1983 cases. *Roberts v. Barreras*, 484 F.3d 1236, 1240 (10th Cir. 2007). A party seeking equitable tolling has the burden of establishing that (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Slusser v. Vantage Builders, Inc.*, 2013-NMCA-073, ¶ 16 306 P.3d 524, 531. "Exceptional circumstances require that a plaintiff demonstrate 'an extraordinary event beyond his or her control.'" *Little v. Baigas*, 2017-NMCA-027, ¶ 12, 390 P.3d 201, 207 (quoting *Ocana v. Am. Furniture Co.*, 2004-NMSC-018, ¶ 15, 135 N.M. 239).

Gardner did not pursue his rights diligently. While he asserts that he filed an appeal of the revocation, he does not allege (either in the Complaint or in any briefing) that he asserted Fourteenth Amendment rights in the administrative appeal. App. at 15-20 (Complaint). As such, he was not entitled to equitable tolling under the first element under New Mexico law.

Additionally, Gardner has not asserted circumstances that would constitute extraordinary circumstances that stood in his way of filing the Section 1983 claim. He argues that he could not pursue the instant lawsuit because of the stay of the administrative appeal of the Board's revocation of his license, as he asserts that he did not have a cause of action until the revocation of his license was made effective. Appellant's Brief, p. 17. Importantly, he does not present case authority to support his argument that a stay of a license revocation pending an administrative appeal of that revocation could constitute an obstacle to pursuing his Fourteenth Amendment rights. *Id.* Moreover, case authority does not support that a stay of a license revocation pending an administrative appeal has any relevance to the statute of limitations, including tolling. As discussed herein, *see supra*, Section C, the stay of the revocation pending the administrative appeal is irrelevant to whether he could have pursued his Fourteenth Amendment claim. Gardner's argument that the stay rendered the revocation unenforceable, thus precluding Gardner from pursuing his rights or claimed damages, is unsound. Gardner was not, for instance, required to

exhaust his administrative remedies prior to filing a Section 1983 lawsuit, such that he was required to meet that precondition prior to pursuing the instant lawsuit. Gardner provides no support for the proposition that the stay of the revocation pending the administrative appeal could constitute such extraordinary circumstances, and there does not appear to be such authority in New Mexico to support that proposition.

Moreover, Gardner argues that the professional malpractice of his prior attorney, which resulted in the lifting of the stay of the revocation, was the second extraordinary circumstance that stood in Gardner's way. Appellant's Brief, p. 17. Gardner provides no context for this argument in his Appellant Brief. In other words, he does not describe with any detail the alleged professional malpractice. Moreover, he does not provide support for his contention that the asserted professional malpractice of a prior attorney could constitute extraordinary circumstances for equitable tolling purposes, which suggests that there is none. *Rapid Transit Lines, Inc. v. Wichita Developers, Inc.*, 435 F.2d 850, 852 (10th Cir. 1970) (finding that a party's failure to cite authority supporting his position suggests that there is no authority to support his position or that he expects the court to do his research). Importantly, to the contrary, case authority supports the opposite – parties are bound by the actions of their attorneys. *Adams v. Para-Chem Southern, Inc.*, 1009-NMCA-161, ¶ 15. Even if Plaintiff asserts that his former attorney acted with gross

negligence, then the party "must demonstrate personal diligence which was thwarted by the attorney. *Id.*, at ¶¶ 14-15. Finally, because the stay of the revocation is irrelevant to the statute of limitations issue and does not constitute extraordinary circumstances to toll the limitations period, any action of Gardner's prior counsel that may have caused that stay to be lifted is also irrelevant. As such, the argument related to the professional malpractice of former counsel to support Gardner's tolling arguments should be disregarded.

Finally, with respect to Gardner's equitable tolling arguments, Gardner argues that the limitations period should have been tolled as the result of the automatic stay provided by the Bankruptcy Code. Gardner provides little to no context or argument as to how the automatic stay related to bankruptcy proceedings, found at 11 U.S.C.A. § 362, applies here. There is no underlying bankruptcy proceeding, and there is no applicable statutory tolling provision applicable to a Section 1983 claim. Gardner does not provide any arguments as to how the district court erred when it did not consider this argument, and it should be disregarded by this Court as well.

Gardner is not entitled to equitable tolling of the statute of limitations. He did not demonstrate reasonable diligence, and does not provide context or legal support for his arguments that the stay of the revocation pending the administrative appeal of the revocation or the actions of his former counsel prevented him from diligently

pursing the Section 1983 claim. As such, the Court should find that tolling does not apply, and the statute of limitations accrued on January 1, 2020, at the latest.

> **E.** **Gardner's arguments related to _Younger_ abstention and the _Rooker-Feldman_ Doctrine should be disregarded as they were not raised with the District Court, and do not change the analysis herein.**

Gardner raises a new issue in his Appellant's Brief that was never raised in the district court proceedings below, related to the _Younger_ abstention doctrine and _Rooker-Feldman_ doctrine that were addressed by the District Court in a prior proceeding brought by him, in _Gardner v. Schumacher_, 547 F.Supp.3d 995 (D.N.M. 2021) (Browning, J.). Specifically, Gardner argues that these doctrines, and Judge Browning's rulings in that case, demonstrate that he was prevented from pursuing his Fourteenth Amendment rights. While he argues that this means that the accrual date was later than January 1, 2020, he also argues that he did not have the ability to pursue a Section 1983 claim until after the revocation became final, which is potentially an argument for tolling. As such, the Board addresses this argument in both contexts.

First, however, Gardner did not raise this issue with the District Court. In other words, he did not argue that one of the obstacles to bringing the Section 1983 claims was premised on the _Younger_ abstention doctrine or _Rooker-Feldman_ doctrine. App. at 87-93 (Objection to Motion to Dismiss). Instead, he argued that he did not have a full and complete present cause of action until the revocation was enforced and he

suffered the consequences of the asserted constitutional violation. *Id.* He also argued that the stay of the revocation pending the administrative appeal and the actions of his prior attorney served as obstacles to pursuing his Fourteenth Amendment rights earlier. *Id.* None of these arguments encompass his newly raised arguments regarding *Younger* abstention or *Rooker-Feldman*. Because he did not raise those issues in the district court, he cannot raise them now, and the Court is not required to, and should not, consider them. *In re Walker*, 959 F.2d 984 (10th Cir. 1992) (federal appellate courts do not consider an issue not passed upon below).

Second, Gardner does not present any case authority for the proposition that either the *Younger* abstention doctrine or *Rooker-Feldman* doctrine impact the accrual date or provide grounds for tolling. Again, the cause of action accrues when a plaintiff knows or should know of the asserted constitutional violation, which was the date of the revocation.

The *Younger* abstention doctrine only applies if three (3) conditions are met: (1) interference with an ongoing state criminal, civil, or other administrative proceedings; (2) the state court proceedings provide adequate forum to hear claims raised in the federal complaint; and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated policies. *Amantullah v. Colorado Bd. Of Medical Examiners,* 187 F.3d 1160 (10th Cir. 1999) (citing *Younger v. Harris*, 401 U.S. 37,

91 S.Ct. 746 (1971). The *Younger* abstention doctrine additionally is inapplicable to the instant action, even if those issue were properly before the appellate court. Gardner sought to enforce his alleged constitutional rights, not to interfere with the ongoing state administrative proceeding, as his Complaint sought monetary relief for the purported violation of his due process rights. App. at 15-20. The state court appeal has nothing to do with Gardner's Section 1983 claims, as the appeal was an attempt to undo the revocation proceeding, and not to pursue federal due process rights. As a result, even if the issue is properly before this Court, the *Younger* abstention doctrine does not serve to change the accrual date or otherwise toll the statute of limitations.

Moreover, the *Rooker-Feldman* doctrine is irrelevant to the statute of limitations issues herein. That doctrine "precludes lower federal courts from effectively exercising appellate jurisdiction over claims actually decided by a state court and claim inextricable intertwined with a prior state court judgment." *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182 (10th Cir. 2010). The Supreme Court has clarified the scope of the doctrine, stating that it is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280,

284, 125 S.Ct. 1517 (2005). Gardner provides no arguments that, even if this Court can consider those arguments, how the *Rooker-Feldman* doctrine would change the accrual date for the statute of limitations or provide grounds for equitable tolling of Gardner's claims. As such, the Court should reject Gardner's unsupported arguments.

Gardner conflates the issues herein. While perhaps the aforementioned abstention doctrines could potentially apply to bar Gardner's claims, those issues were not brought before and not reached by the district court here. Those doctrines do not serve to change the accrual date for the statute of limitations and do not provide Gardner a basis to argue entitlement to tolling of the statute of limitations. Most importantly, those issues were not raised in the proceeding below, and this Court need not address those issues in this appeal as a result.

## CONCLUSION

The district court did not err when it dismissed Gardner's lawsuit against the Board on statute of limitations grounds by granting the Board's Motion for Judgment on the Pleadings. It correctly found that the accrual date of the statute of limitations was January 1, 2020 when Gardner knew of the alleged harm – the revocation of his dental license. Applying the three (3) year statute of limitations for Section 1983 claims in New Mexico, Gardner's Complaint, filed January 23, 2023, was untimely. Gardner's arguments that the statute of limitations accrued later because he chose to

appeal the revocation of his dental license and the revocation was stayed, did not change the accrual date because the administrative appeal was irrelevant to the pursuit of his Section 1983 claims, and did not present an obstacle to pursing them. Additionally, Gardner was not entitled to tolling of the statute of limitations as no extraordinary circumstances prevented him from filing the lawsuit when he knew of the claimed harm. Finally, his arguments related to the *Younger* abstention doctrine and *Rooker-Feldman* doctrine were not raised with the district court and can be disregarded here. Additionally, those doctrines do not bear relevance on the accrual date for statute of limitations purposes. The statute of limitations accrued for Gardner when he learned of the purported constitutional deprivation, the revocation of his dental license, which occurred in November of 2019 with an effective date of January 1, 2020. When he filed his lawsuit more than three (3) years after that date, on January 23, 2020, he filed it outside of the statute of limitations. As such, the district court did not err by dismissing his lawsuit with prejudice, and the Board respectfully requests that this Court affirm that decision.

## STATEMENT OF WHY ORAL ARGUMENT IS NECESSARY

Appellee believes that oral argument would be useful to provide clarity regarding the primary issue concerning the statute of limitations, and aid the Court in rendering its decision. Oral argument will be useful in analyzing when the statute of limitations accrued, as well as Appellant's argument related to tolling.

Respectfully Submitted,

_/s/ Taylor M. Lueras_____
Taylor M. Lueras
Alfred A. Park
PARK & ASSOCIATES, LLC
3840 Masthead NE
Albuquerque, NM 87109
(505) 246-2805
tlueras@parklawnm.com
apark@parklawnm.com

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

1.      This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because this brief contains 6,458 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Time New Roman.

_/s/ Taylor M. Lueras_____
Taylor M. Lueras
Alfred A. Park
PARK & ASSOCIATES, LLC
3840 Masthead NE
Albuquerque, NM 87109
(505) 246-2805
tlueras@parklawnm.com
apark@parklawnm.com

## CERTIFICATE OF REDACTION

I hereby certify, regarding Defendants-Appellees' Response to Appellant's Opening Brief, that all required privacy redactions were made (no such redactions were required).

_/s/ Taylor M. Lueras_____
Taylor M. Lueras
Alfred A. Park
PARK & ASSOCIATES, LLC
3840 Masthead NE
Albuquerque, NM 87109
(505) 246-2805
tlueras@parklawnm.com
apark@parklawnm.com

## CERTIFICATE OF IDENTITY

I hereby certify, regarding Defendants-Appellees' Response to Appellant's Opening Brief, that the ECF submission was an exact copy of the required hard copies of the brief.

_/s/ Taylor M. Lueras_____
Taylor M. Lueras
Alfred A. Park
PARK & ASSOCIATES, LLC
3840 Masthead NE
Albuquerque, NM 87109
(505) 246-2805
tlueras@parklawnm.com
apark@parklawnm.com

## CERTIFICATE OF VIRUS SCAN

I hereby certify, regarding Defendants-Appellees' Response to Appellant's Opening Brief, that the brief was scanned using Windows Defender Antivirus Version 1.413.411.0 and found to be virus free.  As of the date of the submission of the brief, the program had been last updated on June 20, 2024.

_/s/ Taylor M. Lueras_____
Taylor M. Lueras
Alfred A. Park
PARK & ASSOCIATES, LLC
3840 Masthead NE
Albuquerque, NM 87109
(505) 246-2805
tlueras@parklawnm.com
apark@parklawnm.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Appellee's Response Brief was filed on this on 20th day of June, 2024 via the Court's CM/ECF system, which will send notification of such filing to the following:

Gary W. Boyle
Boyle Law Office
15 Spirit Court
Santa Fe, NM 87506
gary.boyle.boylelawoffice@gmail.com

Respectfully Submitted,

_/s/ Taylor M. Lueras_____
Taylor M. Lueras
Alfred A. Park
PARK & ASSOCIATES, LLC
3840 Masthead NE
Albuquerque, NM 87109
(505) 246-2805
tlueras@parklawnm.com
apark@parklawnm.com